**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

    v.

MARDELL TROTTER, a/k/a Juice,
a/k/a Dell,

    Defendant–Appellant.

No. 05-3488

(D.C. No. 04-CR-20140-CM)

(D. Kan.)

---

**ORDER ON REMAND FROM THE UNITED STATES SUPREME COURT**[*]

---

Before **MURPHY, McKAY**, and **GORSUCH**, Circuit Judges.

---

This case is before us on remand from the United States Supreme Court. Defendant was convicted of, *inter alia*, distribution and possession of cocaine powder and crack cocaine. *See United States v. Trotter*, 483 F.3d 694, 697 (10th Cir. 2007). On appeal, we affirmed his conviction and sentence. *Id.* at 703. We rejected his argument that the district court erred by failing to impose a lower sentence based on the crack/powder cocaine disparity, holding that this argument was foreclosed by our decision in *United States v. McCullough*, 457 F.3d 1150, 1171-72 (10th Cir. 2006). *Id.* The Supreme Court subsequently granted certiorari

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and vacated and remanded this case for further consideration in light of *Kimbrough v. United States*, 552 U.S. ____, 128 S. Ct. 558 (2007).

As discussed more thoroughly in the companion case of *United States v. Trotter*, No. 05-3487, ____F.3d____ (10th Cir. 2008), our opinion on remand in Defendant's co-defendant's case, the Court held in *Kimbrough* that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." 128 S. Ct. at 576. The Court concluded in *Kimbrough* that the district court properly considered both the particular circumstances of the defendant's case and "the Sentencing Commission's consistent and emphatic position that the crack/powder disparity is at odds with § 3553(a)." *Id.*

As in the companion case, we find the sentencing transcript in the record before us ambiguous as to whether the district court rejected Defendant's request for a variance based on a belief that the crack/powder disparity did not warrant a variance under the specific circumstances of Defendant's case or on a belief that the disparity would not warrant varying from the Guidelines in any case. We therefore **REMAND** this case for the district court to clarify why it rejected Defendant's request. If it rejected his request based on a belief that it did not have discretion to specifically consider whether the disparity resulted in a

disproportionately harsh sentence, the court is to conduct resentencing in light of *Kimbrough*.

Entered for the Court


Monroe G. McKay
Circuit Judge